VERMONT SUPERIOR COURT
Franklin Unit
17 Church Street
St. Albans VT 05478
802-524-7993
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-02428

---

**City Feed and Lumber Co. Inc. D/B/A/ Sticks & Stuff v. WT LLC et al**

---

## ENTRY REGARDING MOTION

Title:          Motion for Summary Judgment on the Issue of Liability (Partial); Motion for Extension of Time; Motion for Relief From Judgment; Motion for Discovery Sanctions;  (Motion: 3; 4; 5; 7)
Filer:          Matthew A. Zidovsky; William Fogg; William Fogg; Matthew A. Zidovsky
Filed Date:     May 30, 2025; July 03, 2025; July 03, 2025; July 24, 2025


This matter is before the Court on four separate motions. Plaintiff has filed a motion for partial summary judgment on the issue of liability and a motion for discovery sanctions. Defendants have filed a motion to reopen discovery and depose one of Plaintiff's employees, and a motion to accept a late filing of its opposition.

For the reasons stated below, the Court grants the motion for partial summary judgment, the motion for sanctions, in part, and the motion to late file an opposition. The motion to reopen discovery and take a deposition is denied.

The Court first notes that it granted the motion to late file the opposition and reviewed that filing in reaching its decision.  It did so because the timing of the issuance of the order setting a briefing schedule and the time for mailing make it appropriate to provide a self-represented party some leniency in this area.

### Request for Sanctions

Next, the Court takes up the discovery issue.  The Court entered a discovery schedule in this case on September 26, 2024.  This schedule was jointly proposed by Plaintiff and Defendants.  The schedule called for all depositions to be completed by April 15, 2025, and for all motions for summary judgment to be filed by May 30, 2025.  No party asked to modify the schedule.

Plaintiff issued discovery requests to Defendants in October 2024.  Neither Defendant responded. Plaintiff then filed a motion to compel their responses on April 29, 2025.  Defendants never responded to that motion to compel, either.  Based on the failure to respond and the representations in the motion, the Court granted the motion to compel.

Even after the Court granted the motion to compel, Defendants never produced any additional documents. As a result, Plaintiff moved for sanctions.

Plaintiff seeks two sanctions: an "order (1) prohibiting Defendants from producing any documents responsive to previously served written discovery in opposition to Plaintiff's Summary Judgment Motion or at trial . . . , and (2) striking any affirmative defenses that rely on responsive but previously unproduced documents." Pl.'s Mot. for Disc. Sanctions at 2 (filed July 3, 2025). In considering a motion for sanctions, the Court looks to Vermont Rule of Civil Procedure 37. Rule 37(b)(2) states: "If a party or an officer, director, or managing agent of a party . . . fails to obey an order to provide or permit discovery, including an order [compelling discovery] . . . the court in which the action is pending may make such orders in regard to the failure as are just" and then provides a list of possible orders. One of the listed sanctions is prohibiting the introduction into evidence, at any stage of the case, the discovery that the party failed to provide.

Defendants' response to the motion for sanctions can be summarized as follows: (1) Defendants did provide ten pages of documents and stated other documents were public records, and (2) Defendants thought settlement negotiations defeated the Court-ordered schedule and the order compelling discovery. Those arguments fail to persuade the Court.

First, the ten pages of documents that were attached to the complaint are not discovery for purposes of this order. They were attachments to the answer and outside of what is defined as discovery under the Court's rules. These ten pages can be introduced by either party as evidence. The fact that documents are available publicly does not excuse a party from producing them. However, even if Defendants wanted to raise that as a defense to producing documents, the time for doing so was within thirty days of the issuance of the discovery request. That time has long passed.

This brings us to the second argument. Plaintiff's counsel repeatedly asked Defendants for documents and then the Court ordered Defendants to produce them. It defies logic that any party to a lawsuit would think that a court order requiring them to produce documents, which specifically warned that sanctions could be imposed, was not something to take seriously and address directly with the Court. Instead of producing documents or responding to Plaintiff's motion to compel, Defendants did nothing.

The Court grants the motion for sanctions, in part. The Court will not allow Defendants to offer into evidence any document responsive to previously served written discovery. The Court will not strike the affirmative defenses as a whole and will address those separately as part of the summary judgment briefing.

## Request to Depose Mr. Talbert

Defendants have asked the Court for additional time to depose Andy Talbert, an employee of Plaintiff. In their request to take this deposition outside of the Court-approved

schedule, Defendants provide three reasons. First, they assert they did not know they needed Mr. Talbert's deposition until after the motion for partial summary judgment was filed. Second, they argue that Mr. Talbert's deposition is critical, and his answers will support their arguments in the summary judgment motion. Finally, they argue that it violates due process not to allow the deposition.

The Court rejects all three of these arguments. Turning first to due process, the parties in this case had a schedule. The schedule was a Court order. The schedule gave seven months to the parties to conduct discovery, and during that time, Defendants did not ask to take Mr. Talbert's deposition. The Court does not know why they made this choice. Defendants did not participate in discovery at all during this time. This was not the first time Defendants were involved in litigation, so while they are self-represented, they had at least some familiarity with the general process and the concept of a court order.

Defendants did not ask for more time to depose Mr. Talbert before the expiration of the deposition deadline on April 15, 2025. Had they, Vermont Rule of Civil Procedure 6 provides they would only need to meet a good cause standard to justify the need for an extension. This is a relatively low standard, though it still requires reasonable support. Since Defendants have asked for the extension approximately three months after April 15, 2025, they must meet the excusable neglect standard, which is much higher. See *In re Town of Killington*, 2003 VT 87A, 176 Vt. 60. Defendants have not provided any reason for failing to follow the court's schedule or request a timely extension. It is not a violation of due process for the Court to enforce its publicly available rules. See *In Re Illuzzi*, 159 Vt. 155 (1992) (holding that Plaintiff's due process was not violated when the court applied a rule "as written").

Next, Defendants' filings state both that Mr. Talbert's deposition testimony is critical and that they do not need it to defeat summary judgment. However, for purposes of considering this motion, the Court will assume it is important. That is not a reasonable basis for extending the deadline three months after it expired.

Nor does the Court find it reasonable that Defendants just realized that Mr. Talbert's testimony was important. Perhaps they just realized they needed the deposition to make a summary judgment argument, but Defendants have known all along who from Plaintiff's company was involved with the purported amended credit application. This defense was raised in their answer to the complaint.

The Court notes that Defendants allege that Plaintiff engaged in some type of improper behavior during the discovery process. There was no evidence of that in any of the filings submitted by Defendants. There is no information that Plaintiff withheld any information that had been requested from it. According to Plaintiff's attorney's unchallenged declaration, Plaintiff provided discovery information to Defendants based on informal requests and as part of settlement discussions.

## Ruling on Summary Judgment

This is a simple case to enforce a previously entered into settlement agreement and a business credit contract. The case has been pending for approximately a year. Given the parties' prior lawsuit, there is no reason that this case needs longer to develop a factual record. As noted above, Defendants have not explained what information they need in discovery now that they could not reasonably have pursued within the schedule. Under Civil Rules 56(d) and 6, the Court does not see any basis to defer a decision on summary judgment.

Under Rule 56, the Court shall grant summary judgment for the moving party if that party shows there is no dispute as to any material fact and that party is entitled to judgment as a matter of law. When the nonmoving party cannot present facts that are essential to justify its opposition to the motion, the Court has the discretion to grant summary judgment for the moving party. V.R.C.P 56(d).

Plaintiff seeks summary judgment against all defendants: WT LLC, Michele Rennie, William Fogg, WT L.L.C., Bam, LLC, and WT Builders, LLC. The opposition to the motion for summary judgment only raises as a defense a modification of the original agreement related to Ms. Rennie. Because no defenses or contested facts were raised as to the other five Defendants, the Court grants summary judgment on liability against WT LLC, William Fogg, WT L.L.C., Bam, LLC, and WT Builders, LLC.

The only real area of dispute between the parties is whether there was an amendment of the original contract such that Ms. Rennie is no longer responsible under the parties' original contract. There is no dispute that Ms. Rennie signed a personal guarantee on the original credit agreement on July 9, 2019. Defendants have come forward only with an e-mail chain from December 2020, reflecting that an employee of Plaintiff asked Mr. Fogg to come to the office to sign an updated credit application. Nothing in that e-mail chain states the Ms. Rennie will be released as a guarantor.

Defendants argue that this is enough to create a disputed issue of fact. That is incorrect, because the best evidence of whether an amended credit agreement was completed is the agreement itself. V.R.E. 1002-04. Plaintiff has sworn in an affidavit that it does not exist. Defendants have not produced it in discovery or attached it to their filing. In other words, other than Defendant Fogg's statements that he was asked to sign a new credit agreement, there is no admissible evidence to support the content of that new agreement.

The Court notes that even if Defendants have a copy of this purported revision, the Court's sanction order would prevent them from presenting it as evidence at this time because it was not previously produced.

Because there is no genuinely disputed fact as it relates to which credit application and personal guarantee controls, the Court grants summary judgment on liability to Plaintiff

against Ms. Rennie, as well. She signed the original credit application and personal guarantee. She has not filed any opposition to the motion for summary judgment. And, no other defense has been raised on her behalf. Plaintiff is entitled to judgment as a matter of law, based on the undisputed facts, as it relates to liability.

## ORDER

The Court grants summary judgment to Plaintiff against all Defendants on the issue of liability. The Court will set this for a one-hour hearing on damages. Any party may file a request asking for more time if they believe it is necessary.

Electronically signed on September 9, 2025, pursuant to V.R.E.F. 9(d).

_____
Navah C. Spero
Superior Court Judge